# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1824V
Filed: September 20, 2018
UNPUBLISHED

| | |
|---|---|
| MARK PFEIFER, as Administrator of the Estate of RONALD VINCENT PFEIFER, deceased,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Kate Gerayne Westad*, Larkin, Hoffman, et al., Ltd., Minneapolis, MN, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

**RULING ON ENTITLEMENT**[1]

**Dorsey**, Chief Special Master:

    On November 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Decedent, Ronald Vincent Pfeifer, suffered Guillain-Barré Syndrome ("GBS") and respiratory failure which resulted in his untimely death on November 26, 2015, as a direct result of the influenza vaccination and/or influenza and Prevnar 13 vaccinations he received on October 29, 2015. Petition at ¶¶ 1, 4. Petitioner further alleges that he is administrator of the estate of Ronald Vincent Pfeifer and has not filed another petition or collected an award or settlement for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

decedent's death, alleged to have been vaccine caused.  *Id.* at ¶¶ 2, 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 20, 2018, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent states "it is respondent's position that petitioner has satisfied the criteria set forth in the revised Vaccine Injury Table (Table) and Qualifications and Aids to Interpretations (QAI), which afford petitioner a presumption of causation for Mr. Pfeifer's alleged vaccine-related injury."  *Id.* at 3-4.  Respondent further states "the cause of Mr. Pfeifer's death was attributed to his GBS, and thus was a sequela of his Table injury."  *Id.* at 4 (citation omitted).

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master