# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1824V
### UNPUBLISHED

| | |
|---|---|
| MARK PFEIFER, as Administrator of the Estate of RONALD VINCENT PFEIFER, deceased,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 6, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kate Gerayne Westad*, SiebenCarey, Minneapolis, MN, for petitioner.

*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 21, 2017, Mark Pfeifer ("petitioner"), as the administrator of the estate of Ronald Vincent Pfeifer ("Mr. Pfeifer"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that Mr. Pfeifer suffered Guillain-Barré Syndrome ("GBS") and respiratory failure which resulted in his untimely death on November 26, 2015, as a direct result of the influenza vaccination and/or influenza and Prevnar 13 vaccinations he received on October 29, 2015. (Petition at ¶¶ 1, 4). On March 15, 2019,

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a decision was issued by then-Chief Special Master Dorsey awarding compensation to petitioner based on the respondent's proffer. (ECF No. 34.)

Petitioner has now filed a motion for attorney's fees and costs, dated September 30, 2019, (ECF No. 40.), requesting a total award of $29,280.45 (representing $27,067.95 in fees and cost payable to Petitioner and the law firm of Larking Hoffman and $2,212.50 in fees payable to Petitioner and the law firm of SiebenCarey).[3] In accordance with General Order #9, counsel for Petitioner filed a signed statement that Petitioner has not incurred out-of-pocket expenses. (Id. at 2.)  Respondent reacted to the motion on October 16, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 42). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees in the amount of **$29,080.95**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

---

[3] Petitioner's attorney, Kate Westad, changed law firms from Larkin Hoffman to SiebenCarey on May 1, 2019 while the case was still proceeding. (ECF No. 40 at 1).

Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

Petitioner requests the rate of $350 per hour for all time billed by attorney Kate Westad, $160 per hour for technical litigation paralegal Dwight Ludvingson and $125 per hour for paralegal Teresa Lyon. (ECF No. 40-1 a 9). Both Ms. Westad and Ms. Lyon have been previously awarded their respective rates and I find no cause for a reduction of thier rates. The requested rate of $160 per hour for Mr. Ludvington exceeds the range for paralegals in the Vaccine Program.[4] As no supporting documentation was provided to support a rate increase for Mr. Ludvingson, I reduce his rate to the rate of $125 for all time billed. This results in a reduction of **$199.50**.[5]

I will next turn to costs. Just as they are required to establish the reasonableness or requested fees, petitioner must also demonstrate that requested litigation costs are reasonable. *Perreira,* 27 Fed. Cl. at 34; *Presault v. United States,* 52 Fed. Cl. 667, 670 (fed. Cl. 2002). Petitioner requests total costs in the amount of $4,164.45. Of this amount $2,400.00 is for a report prepared by Dr. Prafuk Kelkar, an expert retained by Petitioner's counsel. The invoice shows Dr. Kelkar billed 3 hours at $800.00 per hour to prepare and review an expert report. (ECF No. 40-2 at 5). The rate of $800.00 is higher than what is usually awarded to experts retained to offer a causation opinion or to testify at a hearing, which is usually an hourly rate of $500.00 for experts with demonstrated experience testifying in Vaccine Program cases. As the overall amount for Dr. Kelkar's time in billing the report is reasonable, I will award the requested amount in full.[6]

---

[4] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] $160 - $125 = $35 x 5.7 hrs = $199.50.

[6] I reserve the right to re-examine Dr. Kelkar's hourly rate in future cases in light of the work performed in that particular case and am not determining at this time that he should appropriately receive $500.00 per hour for Vaccine Program work.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorneys' fees and costs. **I award the following:**

1. **A lump sum in the amount of $26,868.45, representing reimbursement for attorney's fees and costs in the form of a check payable to petitioner and the firm of Larkin Hoffman and**

2. **A lump sum in the amount of $2,212.50 representing reimbursement  for attorney's fees and costs in the form of a check payable to Petitioner and her counsel, SiebenCarey.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.